**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

HENRY BROOKS, on behalf of himself and all others similarly situated,

      Plaintiff,

vs.

JAY'S JUNK REMOVAL, LLC,

      Defendant.

---

## COMPLAINT

---

1.      Plaintiff Henry Brooks is a former employee of Defendant Jay's Junk Removal, LLC, and he brings this action as a collective action under the Fair Labor Standards Act ("FLSA"), on behalf of himself and all others similarly situated, because of the Defendant's unlawful deprivation of his rights to overtime compensation. Plaintiff seeks a declaratory judgment, compensation, damages, equitable, and other relief available under the FLSA, 29 U.S.C. § 201, *et seq.*

### JURISDICTION AND VENUE

2.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367(a).

3.      Venue lies within this District pursuant to 28 U.S.C. § 1391.

## PARTIES

4.      Plaintiff Brooks has given his written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) of the FLSA. Such written consent is appended to this Complaint as Exhibit A. Plaintiff Brooks brings this action on behalf of himself and all others similarly situated in accordance with 29 U.S.C. § 216(b) of the FLSA against Defendant because of the Defendant's unlawful deprivation of Plaintiff Brooks' right to overtime pay in accordance with the FLSA.

5.      Plaintiff Brooks was employed by Defendant as a driver and junk hauler from December 5, 2018, through September 23, 2020. At all times relevant herein, Plaintiff was an "employee" of Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

6.      Defendant Jay's Junk Removal, LLC is a Colorado corporation headquartered at 7925 E. Harvard Avenue, Suite C, Denver, CO 80231. Defendant's registered agent for service of process is Jay Alec Montgomery, with a street address of 3802 S. Quebec Street, Denver, CO 80237, and a mailing address of 7925 E. Harvard Avenue, Suite C, Denver, CO 80231. Jay's Junk Removal only provides services within Colorado and does not operate interstate.

7.      At all times material to this action, Defendant has been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume in excess of $500,000. At all times material herein, Defendant has actively been conducting business in Colorado.

8.      Defendant is, and at all times material has been, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTS

9.      While employed by Defendant, Plaintiff Brooks' job duties included, but were not limited to: physically removing furniture and other large items to be discarded from homes, offices, and storage facilities; delivering furniture and other large items to be discarded to donation sites and/or dumps; and driving the moving truck. A typical job assignment lasts approximately 1-2 hours, but certain assignments—like cleaning out large office spaces—could take as long as 8 hours.

10.      Plaintiff Brooks and those similarly situated to him were regularly scheduled to work four eight hour shifts per week, although they routinely worked additional shifts to cover for other employees who were on leave. However, although these shifts were technically scheduled for 8 hours, they typically lasted, on average, 12-14 hours. As such, Plaintiff Brooks and others similarly situated routinely worked between 48 and 56 hours per week, and more when they worked additional shifts.

11.      Although Plaintiff Brooks routinely worked over 40 hours in a workweek, Defendant failed to compensate him and all other similarly situated employees for hours worked over 40 in a workweek at a rate of one and one-half times their regular rates of pay.

12.      All of Plaintiff Brooks' work time, as well as the work time of those similarly situated, is captured on the Defendant's electronic timekeeping system, which only allows employees to clock in or out if they are within a certain radius of the "home" parking lot for the employee's daily vehicle assignment. Specifically, the night before a shift, Defendant would inform Brooks through an application on his phone called "Deputy" of the location of the parking lot he was required to report to the next morning. When Brooks arrived at the parking lot, he would

3

clock in on his phone through "Deputy" before removing his assigned vehicle's keys from the lock box on the side of the truck. At the end of his shift, immediately before departing from the parking lot in his personal vehicle, Brooks would return the vehicle's key to the lock box and clock out through Deputy.

13.     Plaintiff Brooks was paid on a biweekly basis via direct deposit. Although Brooks was paid for all of his recorded hours, the Defendant failed to pay him for all overtime hours at the rate of one and one-half times his regular rate of pay, as Defendant paid Brooks for all hours categorized as "regular hours," to be paid at his straight time rate, even if they were hours over 40 in a workweek.

14.     For example, during the pay period from March 28, 2019, through April 11, 2019, Defendant paid Plaintiff Brooks for a total of 101.25 "regular" hours worked and 15 "overtime" hours worked. All 101.25 "regular" hours were paid at his straight time rate of $14.00 per hour, despite the fact that some of these hours constitute overtime hours in excess of 40 in each workweek of the pay period.

15.     Similarly, during the pay period from June 27, 2019, through July 11, 2019, Defendant paid Plaintiff Brooks for 100.25 "regular" hours worked and 12.75 "overtime" hours worked. However, Defendant paid Brooks for all 100.25 "regular" hours of his straight time rate of $15.00 per hour, despite the fact that some of these hours constitute overtime hours in excess of 40 in each workweek of the pay period.

16.     Further, despite the fact that Plaintiff Brooks recorded all of his work time on Deputy, Defendant routinely failed to pay him for all of these recorded hours. Specifically, the

total number of hours recorded on Brooks' biweekly pay stubs do not accurately reflect the total amount of hours Brooks worked and recorded on the Defendant's timekeeping system.

17.     Upon information and believe, all similarly situated employees of Defendant utilized the same timekeeping program to record their hours worked but were not paid at one and one-half times their regular rate of pay for all hours worked over 40 in a workweek, as described in Paragraphs 13-15.

### COUNT I

**FAILURE TO PAY OVERTIME FOR ALL HOURS SUFFERED OR
PERMITTED TO WORK WORKWEEK IN VIOLATION OF
SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)**

18.     Plaintiff hereby incorporates by reference Paragraphs 1 through 17 in their entirety and restates them herein.

19.     At all times material herein, during those workweeks in which Plaintiff Brooks and all others similarly situated have worked in excess of 40 hours in a workweek, they have performed work activities including but not limited to the tasks enumerated in Paragraph 9 without compensation at one and one-half times their regular rate of pay. This unpaid overtime is recorded on the Defendant's timekeeping system. Accordingly, as a result of these pay practices, Defendant has failed to provide Plaintiff Brooks and all others similarly situated with the rights and protections provided under Section 7(a) of the FLSA, 29 U.S.C. § 207(a).

20.     Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess

5

of 40 hours per week. Defendant has failed to comply with the overtime pay requirements of the FLSA by failing to compensate Plaintiff Brooks and all others similarly situated for work that they have been suffered or permitted to perform in excess of 40 hours in a workweek.

21.     Defendant's violations of the FLSA were willful and in bad faith.

22.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Brooks and all others similarly situated are entitled to recover backpay damages and liquidated damages in an amount equal to their backpay damages, plus attorneys' fees and costs.

23.     As a result of the Defendant's willful and purposeful violations of the FLSA, there have become due and owing to Plaintiff Brooks and all others similarly situated an amount that has not yet been precisely determined. The employment and work records for Plaintiff Brooks and all others similarly situated are in the exclusive possession, custody and control of the Defendant, so Plaintiff and all others similarly situated are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiff Brooks and similarly situated employees from which the amount of Defendant's liability can be ascertained.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands that his claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff and all others similarly situated hereby pray that this Court:

(a)      Enter judgment declaring that the Defendant has willfully and wrongfully violated their statutory obligations under the FLSA, and deprived Plaintiff and all others similarly situated of their rights under the FLSA;

(b)      Order a complete and accurate accounting of all the compensation to which the Plaintiff and all others similarly situated are entitled;

(c)      Award Plaintiff and all others similarly situated backpay equal to the unpaid overtime compensation owed for work performed during the past three years;

(d)      Award Plaintiff and all others similarly situated liquidated damages equal to their unpaid overtime compensation;

(e)      Award Plaintiff and all others similarly situated their reasonable attorneys' fees to be paid by the Defendant, as well as the costs and disbursements of this action; and

(f)      Grant such other relief as may be just and proper.

Respectfully submitted,

*/s/ Sara L. Faulman*
Sara L. Faulman
Sarah M. Block
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 833-8855
E-mail: slf@mselaborlaw.com
E-mail: smb@mselaborlaw.com

*Attorneys for Plaintiff*